IN THE CIRCUIT COURT OF MARYLAND FOR
ANNE ARUNDEL COUNTY

| | |
|---|---|
| **O.M.,** *Plaintiff* vs. **CALVARY CHAPEL INTERNATIONAL WORSHIP CENTER** 7300 Ridge Road Hanover, Maryland 21076   Serve:  7300 Ridge Road,     Hanover, Maryland 21076 *Defendant* | Case No.:   C-02-CV-25-001532 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff O.M. ("Plaintiff"), through Plaintiff's undersigned counsel and Slater Slater Schulman, LLP, hereby files this Complaint against Calvary Chapel International Worship Center ("Defendant"). In support thereof, Plaintiff states as follows:

**PRELIMINARY STATEMENT**

1. Research has shown that when sexual abuse occurs in settings designated as holy, it is a unique form of betrayal. When the perpetrator is a spiritual leader, priest, clergy member or other member of religious personnel, the perpetrator can manipulate the victim into believing the abuse is endorsed by God. This is especially so when the victims are vulnerable children.

2. Defendant failed to safeguard children against sexual abuse. Defendant carelessly staffed spiritual leaders, priests, clergy members and other personnel members at its religious

1

institution. Defendant knowingly protected these staff members so the public would not find out they were molesting children.

3. Plaintiff was sexually abused by a member of Defendant's staff. Plaintiff was a child at the time of the abuse. Defendant had actual and/or constructive knowledge of the abuse.

4. Defendant failed to investigate concerns or implement protective measures that would have prevented the abuse. Defendant failed to supervise its staff members appropriately. Defendant's administrators and faculty altogether failed to exercise reasonable care.

5. This matter arises from Defendant's repeated failures. Defendant willfully disregarded Plaintiff's safety. It failed to protect Plaintiff and other children from known child predators. These predators were employed by, affiliated with or under Defendant's supervision.

6. Defendant owed Plaintiff a duty to exercise reasonable care in protecting minors who were lawfully present on Defendant's premises. This could be for various reasons, including religious services, educational programs, scholastic activities or related events. Defendant breached this duty, which directly caused Plaintiff to suffer lasting emotional, physical and psychological harm.

**PARTIES**

7. Defendant is Calvary Chapel International Worship Center, a religious organization organized under the laws of Maryland. Its principal place of business is located at 7300 Ridge Road, Hanover, Maryland 21076.

8. At all times relevant to this Complaint, Defendant was responsible for the employment, supervision, training and retention of spiritual leaders, priests, clergy members and other personnel members at its religious institution. Defendant exercised direct control over its

personnel, created and enforced policies governing child safety and accepted custody of children entrusted to its care.

9. Defendant is sued for its own negligence, as well as under the doctrine of *respondeat superior*. Defendant is responsible for the acts and omissions of its employees, agents and personnel acting within the scope of their employment. Defendant's failure to prevent and respond to child sex abuse directly caused the injuries described herein.

10. Plaintiff is an individual who, as a child, participated in one or more of Defendant's religious services, educational programs, scholastic activities or related events. Plaintiff was under the direct care, custody and supervision of Defendant and its personnel.

11. At all times relevant to this Complaint, Plaintiff was legally entitled to a safe, secure and abuse-free environment.

12. Instead of providing Plaintiff with a safe and secure environment, Plaintiff was sexually abused while Plaintiff was a minor in Defendant's care.

13. Pursuant to Md. Code Ann., Cts. & Jud. Proc. § 3-8A-27, Plaintiff files under a pseudonym to protect records concerning minors from public disclosure.[1] Maryland courts have routinely permitted survivors of childhood sexual abuse to proceed pseudonymously. Plaintiff cannot be forced to waive this confidentiality as a condition to bring Plaintiff's claims. Revealing Plaintiff's identity as a survivor of childhood sexual abuse would subject Plaintiff and Plaintiff's family to compounded humiliation, embarrassment and emotional distress.

14. Plaintiff O.M. is a sixty-three (63) year-old female resident of Waco, Texas.

**JURISDICTION AND VENUE**

---

[1] See *Doe v. Shady Grove Adventist Hosp.*, 598 Md. App. 351 (1991).

3

15. Pursuant to the Maryland Child Victims Act of 2023, this matter is timely filed. Md. Code Ann., Cts. & Jud. Proc. § 5-117.

16. This Court has subject matter jurisdiction over this matter. Md. Code Ann., Cts. & Jud. Proc. § 1-501.

17. This Court has personal jurisdiction over Defendant. Md. Code Ann., Cts. & Jud. Proc. § 6-102. Its principal place of business is in Maryland and the unlawful conduct complained of in this Complaint occurred in Maryland.

18. Venue is proper in Anne Arundel County, Md. Code Ann., Cts. & Jud. Proc. § 6-201, where the unlawful conduct occurred.

## FACTUAL BACKGROUND

19. During the time Plaintiff was lawfully present on Defendant's premises, Defendant assumed a duty to take reasonable steps to protect Plaintiff and other children from foreseeable harm. This includes sexual abuse by spiritual leaders, priests, clergy members or other personnel members under Defendant's employ or control.

20. Defendant owed Plaintiff and other children a duty to exercise reasonable care in protecting minors from sexual abuse while attending events or programs organized by Defendant or participating in activities sponsored by Defendant. This includes religious services, educational programs, scholastic activities and related events.

21. At all times relevant, Plaintiff and other minor children were enrolled in or attendees of an event or program conducted by Defendant.

22. While enrolled or in attendance of said event or program, Plaintiff was sexually abused by a member of Defendant's staff.

4

23. Defendant knew or should have known that said staff member had the propensity to engage in inappropriate sexual conduct with minors based on observed behavior or other red flags.

24. Prior to Plaintiff's abuse, Defendant had actual or constructive knowledge of said staff member's inappropriate conduct with minors.

25. Despite such knowledge, Defendant failed to take reasonable measures to supervise, investigate, report or remove the staff member from contact with children, including Plaintiff.

26. As a direct and foreseeable result of Defendant's acts and omissions, Plaintiff was subjected to childhood sexual abuse.

27. As a result of the abuse, Plaintiff suffered and continues to suffer severe emotional distress, physical harm and psychological injury.

28. The sexual abuse described below by Plaintiff caused a distinct injury and is pled as a separate incident.[2]

**Sexual Abuse of Plaintiff O.M.**

29. O.M. was a church attendee at Calvary Chapel International Worship Center. Plaintiff was sexually abused by Lorraine (Lori) Bishop ("Bishop") who was a personnel member at Calvary Chapel International Worship Center.

30. The abuse occurred in approximately 1971 when O.M. was approximately ten (10). The abuse occurred on approximately three (3) to four (4) separate occasions, over the course of approximately twelve (12) months.

---

[2] Oftentimes, childhood sexual abuse manifests in ways that are not clear for many years due to repressed memories and mental trauma. As such, Plaintiff has alleged the abuses Plaintiff is capable of recalling at the time of this filing. This includes the allegations identifying Plaintiff's abusers. Plaintiff reserves the right to supplement Plaintiff's allegations as Plaintiff becomes capable of addressing the same.

5

31. The sexual abuse consisted of Bishop fondling O.M.'s breasts, vagina and buttocks and Bishop digitally penetrating O.M.'s vagina.

32. The sexual abuse was not consensual. Plaintiff could not legally consent, as Plaintiff was a minor in Defendant's physical custody.

33. The sexual abuse was accomplished using forcible compulsion, undue influence, duress, coercion, intimidation, threats of physical harm and/or retaliation.

34. Due to the traumatic nature of the abuse, Plaintiff did not immediately disclose it. It is common for survivors of childhood sexual abuse to only come forward after seeking therapy, entering adulthood or learning of similar abuse. Like many survivors of childhood sexual abuse, Plaintiff experienced fear, shame, confusion and psychological trauma that delayed Plaintiff's ability to report or even recognize the full extent of the harm.

35. Plaintiff was harmed as a direct result of Defendant's failure to adequately supervise or monitor Bishop.

36. As a result of Defendant's acts and/or omissions, O.M. has suffered and will continue to suffer personal physical, psychological and emotional injuries. This includes, but is not limited to, physical pain, severe and permanent emotional distress and physical manifestations of emotional distress.

## COUNT I – NEGLIGENCE

37. Plaintiff reincorporates each paragraph above as if fully enumerated herein.

38. Defendant owed Plaintiff a non-delegable duty to provide a safe, supervised and abuse-free environment. This duty extended to protecting Plaintiff from foreseeable harm, including sexual abuse committed and/or condoned by spiritual leaders, priests, clergy members and other personnel members at Defendant's religious institution.

39. Defendant knew or should have known that sexual abuse was occurring at its religious institution.

40. Defendant, through its agents and/or employees, knew or should have known that its spiritual leaders, priests, clergy members and other personnel members had a propensity to engage in sexually abusive, exploitative or otherwise harmful conduct toward minors.

41. Defendant was placed on actual or constructive notice of this danger. Upon information and belief, during the period when the abuse was occurring, members of Defendant's staff directly alerted Defendant of the ongoing sexual abuse at its religious institution.

42. Despite this knowledge, Defendant failed to take timely and reasonable action to prevent the abuse.

43. Defendant breached its duty by failing to properly screen or vet spiritual leaders, priests, clergy members and other personnel members for risk of childhood sexual abuse; supervise staff members with direct access to children; terminate employees who were known and/or suspected to pose a risk of sexually abusing children; implement and enforce policies to detect, prevent and report abuse; investigate reports of abuse or warning signs; and train staff and children on abuse prevention and reporting.

44. These failures created a foreseeable and preventable risk of harm.

45. Plaintiff was harmed while under Defendant's supervision.

46. The individuals who abused and/or condoned the sexual abuse of Plaintiff were Defendant's employees and/or agents, including spiritual leaders, priests, clergy members and other personnel members at Defendant's religious institution known or suspected to sexually abuse children. Defendant permitted individuals with known or suspected propensities for abusing

children to be alone with children for extended periods without adequate supervision or protective protocols. This directly caused Plaintiff's injuries.

47. Defendant failed to implement and enforce adequate policies, investigate reports and train staff on the importance of childhood sexual abuse prevention. Defendant was responsible for hiring, supervising and training employees to staff its religious institution. Therefore, Defendant is liable for its employees' conduct.

48. Despite warning signs, reports and internal knowledge, Defendant failed to conduct adequate background checks and screenings; train staff to identify, report and prevent abuse; monitor employees and/or staff's behavior; sufficiently investigate complaints; and discipline or remove employees and/or agents who posed a danger to children, including spiritual leaders, priests, clergy members and other personnel members.

49. Defendant's failure to supervise, discipline, remove and/or otherwise investigate its employees and/or agents directly enabled the sexual abuse described above.

50. As a direct and proximate result of Defendant's negligence, Plaintiff was sexually abused at Defendant's religious institution.

51. Plaintiff suffered severe emotional, psychological and physical harm as a result.

WHEREFORE, Plaintiff demands damages over seventy-five thousand dollars ($75,000) and all other available relief.

### COUNT II – NEGLIGENT HIRING, TRAINING, EDUCATION, SUPERVISION AND RETENTION

52. Plaintiff reincorporates each paragraph above as if fully enumerated herein.

53. Defendant owed Plaintiff a duty to hire qualified staff, train them to prevent abuse, supervise their conduct and remove employees and/or staff who posed a risk to children, including

spiritual leaders, priests, clergy members and other personnel members at Defendant's religious institution.

54. The individuals who abused Plaintiff and the staff who allowed or ignored the abuse were employed, supervised and/or retained by Defendant. These employees and/or agents acted within the scope of their employment. This includes Defendant's spiritual leaders, priests, clergy members and other personnel members. Defendant is therefore vicariously liable for their conduct.

55. Despite warning signs, reports and internal knowledge, Defendant failed to conduct adequate background checks and screenings; train staff to identify, report and prevent abuse; monitor employees and/or staff's behavior; sufficiently investigate complaints; and discipline or remove employees and/or agents who posed a danger to children, including spiritual leaders, priests, clergy members and other personnel members.

56. Instead, Defendant maintained and empowered spiritual leaders, priests, clergy members and other personnel members to abuse or enable the abuse of children. Defendant failed to take any meaningful steps to prevent or stop the child sex abuse.

57. Defendant knew or should have known that its employees, agents and/or staff failed to properly investigate reports of abuse or ignored red flags. Defendant nevertheless continued to employ and/or staff these individuals, thereby allowing preventable abuse to occur.

58. At all times herein, Defendant's employees and/or agents knew or should have known that spiritual leaders, priests, clergy members and other personnel members had the propensity to engage in the sexual abuse of minor children.

59. Defendant failed to implement and use sufficient policies or procedures to investigate its employees, agents, spiritual leaders, priests, clergy members and other personnel members identified herein who abused or condoned the abuse of children. Defendant failed to

adequately screen them for positions within its religious institution to determine whether they had criminal convictions, prior arrests, civil allegations or personal histories evidencing a propensity to commit sexual abuse that would render them unfit to supervise or care for children, including Plaintiff.

60. The abusers listed herein would not have been in positions to sexually abuse Plaintiff had they not been hired, contracted, approved or retained by Defendant as employees, agents and/or staff.

61. The abusers listed herein would not have been in positions to sexually abuse Plaintiff had they been reasonably vetted by Defendant prior to and during their involvement with Defendant's religious institution.

62. Defendant's acts and omissions described above were the proximate cause of the damages suffered by Plaintiff and other children.

63. It was reasonably foreseeable that Defendant neglecting to screen, supervise or discipline its employees, agents, spiritual leaders, priests, clergy members and other personnel members would result in harm. But for Defendant's failure to implement these basic safeguards, Plaintiff would not have been harmed.

64. Plaintiff suffered severe emotional, psychological and physical harm as a result.

WHEREFORE, Plaintiff demands damages over seventy-five thousand dollars ($75,000) and all other available relief.

## COUNT III – NEGLIGENT FAILURE TO ENACT AND ENFORCE POLICIES THAT WOULD PREVENT SEXUAL ABUSE

65. Plaintiff reincorporates each paragraph above as if fully enumerated herein.

66. Defendant was at all relevant times responsible for creating and enforcing policies and practices that ensured the safety of the children at Defendant's religious institution. However,

Defendant failed to adopt or enforce basic safeguards that would have protected Plaintiff and other minor children from sexual abuse.

67. Instead, Defendant allowed its employees, agents, spiritual leaders, priests, clergy members and other personnel members unsupervised access to children. Defendant's employees, agents and staff who displayed warning signs or were the subject of complaints were allowed to remain in contact with children at Defendant's religious institution.

68. Defendant failed to establish or enforce clear reporting procedures; monitor and discipline employees, agents, spiritual leaders, priests, clergy members and other personnel members who displayed grooming behavior; investigate reports of abuse or inappropriate behavior promptly and thoroughly; give proper weight to complaints of abuse; supervise employees, agents and staff whom complaints had already been made; and conduct random, unscheduled safety rounds or other monitoring procedures.

69. Defendant failed to enact, implement or enforce adequate policies and procedures to prevent child sex abuse. Defendant either had no such policies in place or had policies that were vague, incomplete, inconsistently followed or actively ignored. Defendant failed to train employees, agents, spiritual leaders, priests, clergy members and other personnel members on the importance of these protections and to ensure that safety protocols were embedded into daily operations.

70. Defendant's deficient protocols and failure to act created an environment where abuse could occur undetected and unpunished. Defendant's employees, agents, spiritual leaders, priests, clergy members and other personnel members were able to anticipate supervisory checks, avoid detection and continue abusing or condoning the abuse of children at Defendant's religious institution.

71. These patterns of inaction and policy failure were deliberate and foreseeably harmful. Thus, Plaintiff was subjected to abuse that could have been prevented.

72. Because of the abuse, Plaintiff suffered severe emotional, psychological and physical harm.

WHEREFORE, Plaintiff demands damages over seventy-five thousand dollars ($75,000) and all other available relief.

### COUNT IV – PREMISES LIABILITY

73. Plaintiff reincorporates each paragraph above as if fully enumerated herein.

74. Plaintiff was an invitee of Defendant while on Defendant's premises.

75. Invitees are owed a duty of reasonable care. Defendant's duty to provide reasonable care to Plaintiff extends to proper supervision and discipline of its employees, agents and staff working on the premises within the scope of their employment. This includes Defendant's spiritual leaders, priests, clergy members and other personnel members.

76. Defendant knew or should have known of the risks of sexual abuse that its employees, agents or staff might pose to invitees such as Plaintiff. Defendant breached its duty to take reasonable measures to eliminate the conditions contributing to sexual abuse at its religious institution.

77. Defendant had an obligation to properly staff its religious institution where minors were present to prevent opportunities for sexual abuse to occur. By the many failures on the part of Defendant, it breached its duty and thereby created a foreseeable risk of harm.

78. Plaintiff suffered physical, emotional and psychological harm as a result.

WHEREFORE, Plaintiff demands damages over seventy-five thousand dollars ($75,000) and all other available relief.

### COUNT V – NEGLIGENT FAILURE TO REPORT OR WARN

79. Plaintiff incorporates by reference the foregoing facts and allegations as if fully restated herein.

80. Defendant failed to report Plaintiff's abuser's misconduct to child protective services, law enforcement or other appropriate authorities. This is in direct violation of Defendant's moral, legal and professional obligation. This obligation stems from Defendant's operation of a religious institution where children were present.

81. Due to Defendant's failure to meet its obligation, Plaintiff suffered mental, physical and emotional damage.

WHEREFORE, Plaintiff demands damages over seventy-five thousand dollars ($75,000) and all other available relief.

## **PRAYER FOR RELIEF**

Plaintiff was harmed by the acts and omissions of Defendant. Plaintiff suffered as a direct and foreseeable result of the above-described conduct. Plaintiff will continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace and humiliation. Plaintiff was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life. Plaintiff sustained and will continue to sustain loss of earnings and earning capacity. Plaintiff incurred and will continue to incur expenses for medical and psychological treatment, therapy and counseling, as well as damages for unspecified losses.

WHEREFORE, Plaintiff demands damages over seventy-five thousand dollars ($75,000), litigation costs and expenses, prejudgment and post-judgment interest at the legally proscribed rates and all other available relief this Court may deem appropriate.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury as to all issues triable herein.

**RULE 20-201 CERTIFICATE**

**I HEREBY CERTIFY** that this filing does not contain any restricted information.

Respectfully Submitted,

/s/ *Benjamin L. Davis, III*
Benjamin L. Davis, III, Esq. AIS # 0612120202
Frank A. Natale, II, Esq. AIS # 1405050003
Slater Slater Schulman, LLP
9475 Deereco Road, Ste. 350
Timonium, MD 21093
(443) 998-6705
bdavis@sssfirm.com
fnatale@sssfirm.com

*Attorneys for Plaintiff*

IN THE CIRCUIT COURT FOR Anne Arundel County
(City/County)

## CIVIL – NON-DOMESTIC CASE INFORMATION SHEET

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).

*Defendant:* You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT     **CASE NUMBER** _____ (Clerk to insert)
**CASE NAME:** O.M. _____ vs. Calvary Chapel International Worship Center
                  Plaintiff                                          Defendant
**PARTY'S NAME:** O.M.                    **PHONE:** _____
**PARTY'S ADDRESS:** _____
**PARTY'S E-MAIL:** _____

**If represented by an attorney:**
**PARTY'S ATTORNEY'S NAME:** Benjamin Davis     **PHONE:** (443) 998-6705
**PARTY'S ATTORNEY'S ADDRESS:** 9475 Deereco Rd, Suite 350, Timonium, Maryland 21093
**PARTY'S ATTORNEY'S E-MAIL:** bdavis@sssfirm.com
**JURY DEMAND?** ☒ Yes ☐ No
**RELATED CASE PENDING?** ☐ Yes ☒ No   If yes, Case #(s), if known: _____
**ANTICIPATED LENGTH OF TRIAL?:** ____ hours  3  days

### PLEADING TYPE
**New Case:**    ☒ Original     ☐ Administrative Appeal     ☐ Appeal
**Existing Case:** ☐ Post-Judgment     ☐ Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section – go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt: ____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☒ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 12/2022)                         Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) ||||
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Default | ☐ Reinstatement of Employment |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Arbitration | ☐ Financial Exploitation | ☐ Liability | ☐ Specific Performance |
| ☐ Asset Determination | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Attachment b/f Judgment | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Cease & Desist Order | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Condemn Bldg | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Contempt | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Court Costs/Fees | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Damages-Compensatory | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Punitive | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |

If you indicated **Liability** above, mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☒ Liability is not conceded, but is not seriously in dispute.   ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) ||||
|---|---|---|---|
| ☐ Under $10,000 | ☐ $10,000 - $30,000 | ☐ $30,000 - $100,000 | ☒ Over $100,000 |
| ☐ Medical Bills $ _____ | ☐ Wage Loss $ _____ | ☐ Property Damages $ _____ | |

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|
| Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply) |
| A. Mediation    ☒ Yes  ☐ No                    C. Settlement Conference    ☒ Yes  ☐ No |
| B. Arbitration  ☐ Yes  ☐ No                    D. Neutral Evaluation       ☐ Yes  ☐ No |

| SPECIAL REQUIREMENTS |
|---|
| ☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041** |
| ☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049** |

| ESTIMATED LENGTH OF TRIAL |
|---|
| With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL.** |
| *(Case will be tracked accordingly)* |
| ☐ 1/2 day of trial or less          ☒ 3 days of trial time |
| ☐ 1 day of trial time               ☐ More than 3 days of trial time |
| ☐ 2 days of trial time |

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|
| **For all jurisdictions,** if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below. |
| ☐ **Expedited** - Trial within 7 months of        ☐ **Standard** - Trial within 18 months of |
| Defendant's response                              Defendant's response |
| EMERGENCY RELIEF REQUESTED |

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

| ❏ **Expedited** - Trial within 7 months of Defendant's response | ❏ **Standard** - Trial within 18 months of Defendant's response |
|---|---|

***IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.***

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | |
|---|---|
| ❏ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ❏ Civil-Short | Trial 210 days from first answer. |
| ❏ Civil-Standard | Trial 360 days from first answer. |
| ❏ Custom | Scheduling order entered by individual judge. |
| ❏ Asbestos | Special scheduling order. |
| ❏ Lead Paint | Fill in: Birth Date of youngest plaintiff _____. |
| ❏ Tax Sale Foreclosures | Special scheduling order. |
| ❏ Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ❏ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ❏ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ❏ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ❏ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

05/21/2025  
Date

9475 Deereco Rd, Suite 350  
Address

Timonium         MD         21093  
City             State      Zip Code

/s/ Benjamin Davis                0612120202  
Signature of Attorney / Party     Attorney Number

Benjamin Davis  
Printed Name

**CC-DCM-002** (Rev. 12/2022)                Page 3 of 3