IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| O.M., <br><br> Plaintiff, <br><br> v. <br><br> CALVARY CHAPEL INTERNATIONAL WORSHIP CENTER, <br><br> Defendant. | Case No.: 25-cv-2618 |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Defendant Calvary Chapel, Inc. d/b/a Calvary Chapel International Worship Center ("Calvary Chapel"), by and through its undersigned attorneys, by and through its undersigned attorneys, submits the following points and authorities in support of its Motion to Dismiss:

### I.   OVERVIEW

Plaintiff O.M. has brought this lawsuit against Calvary Chapel alleging that it is liable for failing to prevent the alleged abuse of Plaintiff during the time she attended church at Calvary Chapel. However, as more fully established below, Plaintiff's Complaint rests almost entirely on labels, conclusions, and naked assertions, and is simply devoid of facts sufficient to show that she asserts a plausible claim against Calvary Church. The Complaint fails to meet Rule 8's pleading requirements. When looking at the sparse facts that are alleged, the court is simply unable to draw the reasonable inference that Defendant is liable for the alleged abuse.

For all of these reasons, and based upon the additional points and authorities set forth below, Calvary Church respectfully requests that each of Plaintiff's claims be dismissed.

## II.    ARGUMENT

### A.  STANDARD OF REVIEW

As this Court has stated:

> Rule 12(b)(6) provides that a defendant may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). It is fundamental that the "purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation marks and citation omitted). When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences from the facts in favor of the plaintiff to determine if the plaintiff is entitled to the legal remedy sought. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The same does not hold true for legal conclusions. *Id.*; *Twombly*, 550 U.S. at 555. To determine whether the Rule 8(a)(2) pleading standard is met, the court separates the complaint's legal conclusions from the factual allegations. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011). A complaint does not need to contain "detailed factual allegations" to satisfy the Rule 8(a)(2) pleading standard, **but it must have "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."** *Twombly*, 550 U.S. at 555. **To survive a motion to dismiss, a complaint must have "enough facts to state a claim to relief that is plausible on its face."** *Id*. at 570.

*Johnson v. Wang*, 2025 U.S. Dist. LEXIS 92389, *2-4 (D. Md. 2025).

In addition, it has been made clear that when deciding a motion to dismiss courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and that Rule 8 **"requires a 'showing,' rather than a blanket assertion, of entitlement to relief."** *Nouna v. Ross*, 2017 U.S. Dist. LEXIS 38659, *4 (D. Md. 2017) (quoting *Twombly*, 550 U.S. at 556 n.3) (emphasis added).  The Fourth Circuit has noted: "To contain sufficient factual matter to make a claim

2

plausible, the factual content must 'allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Nanendla v. WakeMed*, 24 F.4th 299, 304-305 (4th Cir. 2022).  The Fourth Circuit has also explained:

> This pleading standard does not require detailed factual allegations. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). **However, 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'** *Id.* **Labels, conclusions, recitation of a claim's elements, and naked assertions devoid of further factual enhancement will not suffice to meet the Rule 8 pleading standard.** *Id.*

*ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 211-212 (4th Cir. 2019).

Here, as more fully established below, the Plaintiff fails to include in her Complaint sufficient factual allegations to meet Rule 8's pleading requirements.  Her Complaint rests almost entirely on labels, conclusions, and naked assertions, devoid of facts sufficient to show that she asserts a plausible negligence claim against Calvary Church.  When looking to the sparse facts that are alleged, the court is simply unable to draw the reasonable inference that Defendant is liable in negligence for the alleged abuse.  For these reasons, Defendant requests that the Complaint be dismissed.

    **B.    PLAINTIFF'S NEGLIGENCE CLAIM (COUNT I) SHOULD BE DISMISSED FOR FAILURE TO STATE A PLAUSIBLE CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

To establish a cause of action in negligence, a plaintiff must allege (and ultimately prove) "the existence of a duty owed by a defendant to him (or to a class of which he is a part), a breach of that duty, a legally cognizable causal relationship between the breach of duty and the harm suffered, and damages." *Perry v. Asphalt & Concrete Servs., Inc.*, 447 Md. 31, 51 (2016).  "The absence of any one of those elements will defeat a cause of action in tort." *Supik v. Bodie, Nagle, Dolina, Smith & Hobbs, P.A*, 152 Md. App. 698, 717-18 (2003) (further adding that "a cause of

3

action arises when facts exist to support each element"). Mere proof of injury is insufficient to establish a negligence claim; rather, a plaintiff must first establish duty, breach, and causation before damages are relevant. *See Owens-Illinois, Inc. v. Armstrong*, 326 Md. 107, 121 (1992) ("In a negligence claim, the fact of injury would seemingly be the last element to come into existence. The breach, duty, and causation elements naturally precede the fact of injury.").

The Supreme Court of Maryland recently explained that the duty owed to a child by someone with supervisory care (even assuming that level of duty is owed here) is simply to exercise reasonable care – not to ensure the safety of the child. The Supreme Court stated:

> [S]imply establishing a duty does not establish a negligence claim. In determining whether there was a breach of duty, we recognize that **a teacher is not an insurer of safety of students, but rather, he or she is "held only to the standard of the reasonable care exercised by a person of ordinary prudence."** *Segerman [v. Jones]*, 256 Md. [109], 125 [(1969)]. **In many instances involving negligence claims against teachers and administrators, the plaintiffs' claim will rise or fall on the issue of foreseeability.**

*Gambrill v. Bd. of Educ. of Dorchester County*, 481 Md. 274, 315 (2022) (emphasis added).

Applying these principles to the case here, the standard of "reasonable care" in the case here did not require that Calvary Church ensure the safety of Plaintiff when she attended the church. The Church would only be liable if there was a showing that a church employee failed to act with reasonable care to prevent the alleged abuse. Plaintiff's complaint, however, is devoid of any facts that show that Calvary Church could be liable to Plaintiff for the alleged abuse.

In Count I, Plaintiff's claim of negligence rests entirely on labels, conclusions, and naked assertions, devoid of facts sufficient to assert a plausible negligence claim. The Complaint includes such bald general assertions such as "Defendant knew or should of known that sexual abuse was occurring at its religious institution" (Complaint, ¶ 39) and that "Defendant, through its agents and/or employees, knew or should have known that its spiritual leaders, priests, clergy

4

members and other personnel members had a propensity to engage in sexually abuse, exploitative or otherwise harmful conduct towards minors" (Complaint, ¶ 40); but, Plaintiff proffers no facts to support these general, bald allegations. Moreover, Plaintiff proffers no facts specific to her alleged abuse or to her alleged abuser.

For example, Plaintiff alleges that Calvary Church should have known of abuse happening at its church, but does not allege that it should have known of the alleged abuse of Plaintiff. Nor does Plaintiff allege any facts upon which it could even be inferred that the Church should have known that the abuse of Plaintiff was occurring. Similarly, Plaintiff alleges that Calvary Church should have known that its spiritual leaders had a propensity to engage in sexually abuse conduct, but does not allege that it should have known that the alleged abuser in this case, Ms. Bishop, had a propensity to engage in such conduct. Nor does Plaintiff allege any facts upon which it could even be inferred that the Church should have known that Ms. Bishop had a propensity to sexual abuse minors.

At most, Plaintiff alleges that in 1971 she was an attendee at "Calvary Chapel International Worship Center," and that the alleged abuser, Lorraine Bishop, who was a "personnel member" of Calvary Chapel International Worship Center, sexually abused her on four separate occasions. (See Complaint, ¶¶ 29-30).[1] Other than detailing the abuse, that is the extent of the allegations. Plaintiff does not allege (i) where the abuse occurred, such as whether it occurred on church property, at a park, at Plaintiff's home, or at Ms. Bishop's home; (ii) whether the abuse was witnessed by any employee of Calvary Chapel; (iii) whether anyone reported the abuse to an employee of Calvary

---

[1] Though Defendant recognizes that at this stage the court must accept Plaintiff's allegations as true, filings with the Maryland State Department of Assessments and Taxation reflect that neither the name "Calvary Chapel International Worship Center" nor the any entity in that name existed in 1971. Accordingly, Plaintiff's allegation that she attended a church by that name in 1971 is false. Moreover, Calvary Chapel denies that anyone named Lorraine Bishop, or Lori Bishop, was ever a member or on the staff of the Church.

Chapel; or (iv) whether Ms. Bishop was known by Calvary Chapel to have sexually abused other children. None of those facts are alleged.

Accordingly, because her Complaint rests entirely on labels, conclusions, and naked assertions in attempt to assert a negligence claim against Calvary Church and is devoid of facts sufficient to show a plausible claim, there are simply no facts upon which the court is able to draw the reasonable inference that Calvary Church is liable in negligence for the alleged abuse. For these reasons, Plaintiff's negligence claim asserted in Count I must be dismissed.

> **C.     PLAINTIFF'S NEGLIGENT HIRING, TRAINING, EDUCATION, SUPERVISION AND RETENTION CLAIMS (COUNT II) SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM BECAUSE PLAINTIFF HAS NOT ALLEGED ANY FACTS TO SHOW THAT DEFENDANT KNEW OF MS. BISHOP'S PROPENSITY TO ENGAGE IN ABUSE.**

Where a plaintiff brings a claim of negligent hiring, retention, or supervision, "a plaintiff must show that the defendant employer knew or should have known by the exercise of reasonable care that an employee was potentially dangerous and capable of inflicting harm." *Jordan v. Western Distr. Co.*, 2004 U.S. Dist. LEXIS 12148 *9-10 (D. Md. 2004) (citing Maryland law).

Here, in Count II of her Complaint Plaintiff again makes a number of generalized allegations suggesting that Calvary Church should have known that its spiritual leaders in general had a propensity to engage in sexually abuse conduct, but does not allege any facts upon which it could even be inferred that the Church should have known that Ms. Bishop, the alleged abuser in this case, had a propensity to sexually abused minors. Again, the facts are limited to the allegation that she abused Plaintiff on four occasions. That is it.

Accordingly, because her Complaint is devoid of facts upon which the court is able to draw the reasonable inference that Calvary Church knew or should have known that Ms. Bishop had a

propensity to sexually abuse minors, Plaintiff's negligent hiring, training and supervision claims asserted in Count II must be dismissed.

> **D. PLAINTIFF'S NEGLIGENCE CLAIM FOR FAILURE TO ENACT AND ENFORCE POLICIES THAT WOULD PREVENT SEXUAL ABUSE (COUNT III) SHOULD BE DISMISSED FOR FAILURE TO STATE A PLAUSIBLE CLAIM FOR RELIEF.**

In Count III, Plaintiff alleges that Calvary Church is liable for the alleged abuse because it failed to have in place policies and procedures to prevent child sexual abuse. However, once again, Plaintiff's allegations contain only conclusory statements and general assertions. For example, Plaintiff generally alleges that Calvary Church "failed to enact, implement or enforce adequate policies and procedures to prevent child sex abuse." (Complaint, ¶ 69). And that Calvary Church "either had no such policies in place or had policies that were vague, incomplete, inconsistently followed or actively ignored." (Complaint, ¶ 69). Plaintiff fails to allege, however, facts specific to Ms. Bishop or the alleged abuse of Plaintiff. For example, Plaintiff does not allege that that the abuse occurred on the property at the church, such that any standard of care regarding policies or procedures governing church protocol would have even applied. Nor does Plaintiff allege that anyone at the church knew of the alleged abuse, such that any standards regarding reporting the abuse would have applied.

Moreover, Plaintiff alleges that "Defendant was at all times responsible for creating and enforcing policies and practices that ensured the safety of the children at Defendant's religious institution." (Complaint, ¶ 66). However, as a matter of law, this is not true. Calvary Chapel did *not* have a heightened duty to ensure the safety of church attendees – it only had a duty to act with reasonable care. *See Gambrill*, 481 Md. at 315. Accordingly, Plaintiff's entire negligence claim relating to a failure to enact policies to ensure the Plaintiff's safety is premised on a heightened standard that is not recognized under the law.

7

Accordingly, the negligence claims asserted in Count III should be dismissed.

### E. PLAINTIFF'S PREMISES LIABILITY CLAIM (COUNT IV) SHOULD BE DISMISSED FOR FAILURE TO STATE A PLAUSIBLE CLAIM.

For the same reasons Plaintiff's negligence claim asserted in Count I and her negligent hiring, retention, and supervision claims asserted in Count II should be dismissed, so should her premises liability claim. As Plaintiff contends, as an invitee she was owed a duty of reasonable care. As established previously, there are no facts asserted in the Complaint sufficient to show a plausible negligence claim. There are simply no facts upon which the court is able to draw the reasonable inference that Calvary Church is liable in negligence for the alleged abuse. For these reasons, Plaintiff's premises liability claim asserted in Count IV must be dismissed.

### F. PLAINTIFF'S FAILURE TO REPORT OR WARN CLAIM (COUNT V) SHOULD BE DISMISSED FOR FAILURE TO ASSERT A PLAUSIBLE CLAIM.

In Plaintiff's final count, Count V, she alleges that Calvary Church failed to report Plaintiff's abuser's misconduct to child protective services, law enforcement, or other appropriate authorities. (Complaint, ¶ 80). Plaintiff further alleges that this obligation "stems from Defendant's operation of a religious institution where children were present." (Complaint, ¶ 80). However, because Plaintiff fails to asserts facts sufficient to support a failure to report claim and because the claim is premised on a duty to report that did not (and does not) exist, Calvary Chapel submits that Plaintiff fails to state an actionable failure to report claim.

First, as established earlier, she fails to alleged any facts showing that an employee of Calvary Church witnessed the abuse or that the abuse was reported to an employee of the Church. Accordingly, there are no facts upon which the court to reasonably infer that the Church is liable for not reporting the abuse.

Second, as a matter of law, there was, and is, no mandatory duty imposed on religious institutions to report child abuse. In Maryland, there is a statute that imposes mandatory reporting of abuse on certain persons. *See* Md. Code Ann., Family Law § 5-701(b)(1). This statute, however, only imposes a duty to report on a "health practitioner, police officer, educator or human service worker." See FL § 5-704. This was true of this statute as of 1971, when the alleged abuse occurred. It did not, and does not now, impose any duty on employees or leaders of religious institutions to report child abuse.

Accordingly, Plaintiff's failure to report claim is premised entirely on an alleged duty to report that did not exist and does not exist under the law. For these reasons, Plaintiff's failure to report claim asserted in Count V must be dismissed.

### III.   CONCLUSION

In light of the foregoing, Defendant Calvary Chapel, Inc., hereby requests that this Honorable Court DISMISS the Complaint and each of the claims asserted.

RESPECTFULLY SUBMITTED,

*/s/ Eric W. Gunderson*

Eric W. Gunderson, MD Fed Bar 26319
Hannah Martinson, MD Fed Bar 31401
Davis, Agnor, Rapaport & Skalny, LLC
11000 Broken Land Parkway, Suite 600
Columbia, Maryland 21044
410-995-5800 / 410-309-6161 Fax
egunderson@darslaw.com
hmartinson@darslaw.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of August, 2025, a copy of the foregoing document was served all counsel of record via the Court's ECF system.

/s/ *Eric W. Gunderson*

Eric W. Gunderson, MD Fed Bar 26319