UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| O.M.[1], | * | |
|    Plaintiff, | * | |
| v. | * | Civil Action No. EA-25-2618 |
| CALVARY CHAPEL INTERNATIONAL WORSHIP CENTER, | * | |
| | * | |
|    Defendant. | | |
| | * | |

**MEMORANDUM OPINION**

Plaintiff O.M. initiated the above-captioned action on May 21, 2025, in the Circuit Court for Anne Arundel County, Maryland, in which she asserts negligence claims against Defendant Calvary Chapel International Worship Center (Calvary Chapel) pursuant to the Maryland Child Victims Act of 2023, Md. Code. Ann., Cts & Jud. Proc. § 5-117, based on alleged sexual abuse by a Calvary Chapel employee. ECF No. 2. Calvary Chapel removed the case to this Court on August 8, 2025, on the basis of diversity jurisdiction. ECF No. 1. Pending before the Court is

---

[1] Plaintiff filed this matter under a pseudonym to protect herself from suffering "compounded humiliation, embarrassment, and emotional distress." ECF No. 2 ¶ 13. Having filed suit in Maryland state court, she asserts the right to do so under Maryland state law. *Id.* (citing Md. Code Ann. Cts & Jud. Proc. § 3-8A-27). Defendant Calvary Chapel International Worship Center (Calvary Chapel) removed this case to this Court. ECF No. 1. Federal courts must apply federal procedural rules. *Hanna* v. *Plumer*, 380 U.S. 460, 465 (1965). Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties." This rule reflects a public interest in open judicial proceedings, which favors disclosure of the parties' names. This interest may be overcome in exceptional circumstances, such as when the litigation relates to matters of a highly sensitive and personal nature. *Doe* v. *Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) ("This Court has recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym."). Courts have frequently permitted plaintiffs in litigation related to sexual abuse to proceed pseudonymously. *E.g.*, *Doe* v. *Mercy High School, Inc.*. Civil Action No. JRR-23-CV-1184, 2024 WL 3103396, at *6 (D. Md. June 24, 2024) (collecting cases). Because this case relates to the sensitive topic of alleged childhood sexual abuse and Calvary Chapel has not opposed Plaintiff's use of a pseudonym (ECF Nos. 14, 18), the Court will permit Plaintiff to proceed under the pseudonym "O.M."

Calvary Chapel's motion to dismiss, which is fully briefed. ECF Nos. 14, 17–18. No hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth below, the motion is granted.

## I. BACKGROUND[2]

O.M. is a sixty-three-year-old resident of Waco, Texas. ECF No. 2 ¶ 14. Calvary Chapel is a Maryland religious organization with a principal place of business in Hanover, Maryland. *Id.* at ¶ 7. As a child, O.M., "participated in one or more of [Calvary Chapel's] religious services, educational programs, scholastic activities[,] or related events." *Id.* at ¶ 10. In or around 1971, when O.M. was about ten years old, "a personnel member at Calvary Chapel" sexually abused O.M. on three or four occasions while she was a Calvary Chapel church attendee.[3] *Id.* at ¶¶ 29–30. This abuse spanned approximately 12 months. *Id.* at ¶ 30. O.M. did not disclose the abuse at the time. *Id.* at ¶ 34. As a result of the abuse, O.M. "suffered and continues to suffer severe emotional distress, physical harm[,] and psychological injury." *Id.* at ¶ 27. Based on the foregoing, O.M. seeks $75,000 in damages, as well as litigation costs, and pre- and post-judgment interest. *Id.* at 13.[4]

## II. DISCUSSION

Calvary Chapel moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that O.M. has failed to state a claim upon which relief can be

---

[2] This factual summary is drawn from the allegations in the Complaint, which are accepted as true for the purposes of this motion. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[3] In her complaint, O.M. identifies the alleged perpetrator by name and provides additional details regarding the nature of the sexual abuse. ECF No. 1 ¶¶ 29, 31. Elaboration of those details is unnecessary for resolution of the instant motion.

[4] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

granted.  ECF No. 14.  Calvary Chapel contends that the Complaint "rests almost entirely on labels, conclusions, and naked assertions, and is simply devoid of facts sufficient to show that [O.M.] asserts a plausible claim against Calvary Church."  ECF No. 14-1 at 1.  O.M. asserts that "[t]aking the well-pleaded allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Complaint firmly illustrates Defendant's negligence."  ECF No. 17-1 at 2.

    A.    **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The "purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint."  *Edwards* v. *City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  A complaint does not need "detailed factual allegations" to satisfy the Rule 8(a)(2) pleading standard, but it must have "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id*.  Bald allegations alone will not suffice, nor will an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 681 (2009).

When evaluating a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and draw reasonable inferences from the facts in favor of the plaintiff to determine if the plaintiff is entitled to the relief sought.  *Id.* at 678; *E.I. du Pont de Nemours and Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).  The same does not hold true for legal conclusions.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.  Thus, "a plaintiff armed with nothing more than conclusions" has not satisfied the Rule 12(b)(6) standard.  *Iqbal*, 556

3

U.S. at 679.  Ultimately, a court determines if the pleading standard has been met "by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the complaint states a claim.  *A Society Without a Name* v. *Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (internal quotation marks and citations omitted).

To survive a motion to dismiss, a complaint must have "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The plausibility standard falls somewhere in between "probability," which is not required, and "sheer possibility," which is insufficient.  *Id.*; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

B.   **O.M.'s Causes of Action**

O.M.'s Complaint pleads five counts of negligence.  ECF No. 2.  In Count I, O.M. alleges that Calvary Chapel was negligent when it failed to protect O.M. from the foreseeable harm of sexual abuse.  ECF No. 2 ¶¶ 37–51.  In an action brought under a federal court's diversity jurisdiction, the court is to apply the substantive law of the state in which it sits.  *Mathis* v. *Terra Renewal Serv. Inc.*, 69 F.4th 236, 242 (4th Cir. 2023); *Lewis* v. *Waletzky*, 422 Md. 647, 657 (2011).  In Maryland, "[t]he elements of a cause of action for negligence are (1) a legally cognizable duty on the part of the defendant owing to the plaintiff, (2) a breach of that duty by the defendant, (3) actual injury or loss suffered by the plaintiff, and (4) that such injury or loss resulted from the defendant's breach of the duty." *Green* v. *North Arundel Hosp. Ass'n, Inc.*,

4

366 Md. 597, 607 (2001).  Here, the Complaint plausibly alleges only that O.M. suffered an actual injury.  The allegations addressing the remaining elements of this claim are devoid of factual content.  For example, O.M. does not support her assertion that a pattern of abuse existed at Calvary Chapel with any specific details, nor does she rely on any specific reports or whistleblower accounts.  The substance of her pleading on this point is limited to the allegation that Calvary Chapel "knew or should have known," based on an unspecified "alert[ ]" from its staff.  ECF No. 2 ¶¶ 39, 41.  This conclusory statement "is not entitled to the presumption of truth."  *Pizarro Orta* v. *Creekstone Landscaping & Excavating, LLC*, Civil Action No. EA-23-1954, 2024 WL 3555093, at *5 (D. Md. July 25, 2024) (citing *Iqbal*, 556 U.S. at 681).  While Rule 8(a)(2) does not require detailed factual allegations, conclusory allegations such as these do not survive a Rule 12(b)(6) challenge.  *E.g.*, *Greene* v. *Mott*, Civil Action No. JRR-24-3310, 2025 WL 2208152, at *4 (D. Md. Aug. 4, 2025) ("Plaintiff's conclusory allegations are insufficient to plead a claim of negligent entrustment."); *Great N. Ins. Co.* v. *Recall Total Info. Mgmt., Inc.*, Civil Action No. AW-13-CV-1829, 2013 WL 6804745, at *3 (D. Md. Dec. 19, 2013) (finding plaintiff failed to state a claim for gross negligence based on "conclusory factual assertions" which "warrant no weight").

In Count II, O.M. advances a negligent hiring, training, education, supervision, and retention claim.  ECF No. 2 ¶¶ 52– 64.  "Maryland appellate courts have made clear that an employer is obligated to the public to use due care in selecting and retaining only competent and careful employees."  *Asphalt & Concrete Services, Inc.* v. *Perry*, 221 Md. App. 235, 255-256 (2015), *aff'd*, 447 Md. 31 (2016).  The essential elements of such a claim are: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of the incompetence; (4) the employee's act or omission that caused the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the

proximate cause of the plaintiff's injury." *Id*. at 256; *see also Doe* v. *Uber Techs., Inc.*, Civil Action No. JKB-20-370, 2021 WL 2382837, at *3 (D. Md. June 9, 2021) (same). Among other deficiencies, here, the Complaint does not plausibly allege facts to establish that Calvary Chapel had actual or constructive knowledge of the employee's incompetence. The only allegations in the complaint on this topic are generalized assertion that Calvary Chapel "knew or should have known that its employees . . . failed to properly investigate reports of abuse or ignored red flags." ECF No. 2 ¶ 57. O.M. does not provide any further detail regarding those reports, nor does she allege what the red flags were that Calvary Chapel ignored. *Id.* at ¶¶ 52–64. O.M.'s argument in opposition to the instant motion that Calvary Chapel was "well aware of the pervasive problem of sexual abuse" misses the mark because it does nothing more than repeat the bald, conclusory allegations of the Complaint. ECF No. 17-1 at 4. The allegations in Count II fail to state a claim for relief. *E.g.*, *Colfield* v. *Safeway Inc.*, Civil Action No. WDQ-12-3544, 2013 WL 5308278, at *8 (D. Md. Sept. 19, 2013) (dismissing a claim for negligent hiring and retention under Rule 12(b)(6) because plaintiff's "general allegations d[id] not provide facts showing that [defendant] had actual or constructive knowledge that [its employee] was capable of inflicting harm").

In Count III, O.M. asserts a claim for negligent failure to enact and enforce policies that would prevent sexual abuse. ECF No. 2 ¶¶ 65–72. Neither party addresses whether such a claim against a religious organization is legally cognizable and, if so, what are its required elements. *See generally* ECF Nos. 14-1; 17-1; 18. To the extent this cause of action rests on Calvary Chapel's negligent failure to supervise its employees, it is duplicative of the negligent hiring, training, education, supervision, and retention claim brought in Count II. *Daniel* v. *Home Box Office*, Civil Action No. ELH-23-233, 2023 WL 8478867, at *19 (D. Md. Dec. 7, 2023) (quoting *Wultz* v. *Islamic Republic of Iran*, 755 F. Supp. 2d 1, 81 (D.D.C. 2010)) ("As a matter of judicial economy, courts should dismiss a claim if it is duplicative of another claim in the same suit.").

6

Regardless, this count falls short for the reasons stated previously.  O.M.'s allegation that Calvary Chapel "failed to enact, implement, or enforce adequate policies and procedures to prevent child sex abuse" (ECF No. 2 ¶ 69) is nothing more than a "naked assertion[ ] devoid of further factual enhancement."  *ACA Fin. Guar. Corp.* v. *City of Buena Vista, Va.*, 917 F.3d 206, 211 (4th Cir. 2019).

       Count IV of the Complaint alleges a premises liability claim.  ECF No. 2 ¶¶ 73–78.  "An action in premises liability is based on common law principles of negligence and derives from an establishment's lack of supervision, care, or control of the premises."  *Fuqua* v. *New Life Evangelical Baptist Church*, No. 376, Sept. Term, 2021, 2021 WL 6068858, at *3 (Md. Ct. Spec. App. Dec. 22, 2021) (internal quotation marks and citation omitted).  "If the defendant did not own, possess, or control the land where the injury occurred, there can be no duty to the plaintiff, regardless of the plaintiff's status as an entrant."  *Id.*  This count fails, most fundamentally, because O.M. does not plead where the alleged injury occurred.  ECF No. 2 ¶¶ 26, 30–33.  Consequently, she does not allege that Calvary Chapel owned, possessed, or controlled the premises where the abuse occurred, which is fatal to her premises liability claim.  Even assuming that the alleged abuse had occurred in a premise that Calvary Chapel owned, possessed, or controlled, a plaintiff bringing a premises liability claim must show that the defendant "had actual or constructive knowledge of the dangerous condition and that the knowledge was gained in sufficient time to give [them] the opportunity to remove it or to warn the invitee."  *Joseph* v. *Bozzuto Mgmt. Co.*, 173 Md. App. 305, 315 (2007) (alteration in original) (quotations and citation omitted).  As discussed previously, O.M. has not adequately alleged that Calvary Chapel had knowledge of the danger posed by its employees.  Therefore, O.M. has not stated a plausible claim for premises liability.

Finally, in Count V, O.M. brings a claim for negligent failure to report or warn. ECF No. 2 ¶¶ 79–81. O.M. and Calvary Chapel disagree as to whether Calvary Chapel had a duty to report sexual abuse under Maryland law. *Compare* ECF No. 14-1 at 9 (arguing no duty to report under Maryland law) *with* ECF No. 17-1 at 6 (arguing the opposite). Maryland law places a duty to report on "each health practitioner, police officer, educator, or human service worker, acting in a professional capacity in this State who has reason to believe that a child has been subjected to abuse or neglect." Md. Code Ann., Family Law § 5-704(a)(1). O.M. correctly argues that this is "not an exhaustive list of reporters" and that Section 5-705 extends this duty to a person who has "reason to believe that a child has been subjected to abuse." ECF No. 17-1 at 6; Md. Code Ann., Family Law § 5-705(a)(1).[5] Nevertheless, O.M. has failed to allege facts sufficient to establish that Calvary Chapel had actual or constructive knowledge that O.M. was subjected to abuse or neglect. *E.g.*, *Moore v. National R.R. Passenger Corp.*, Civil Action No. ELH-16-3015, 2017 WL 1382309, at *4-5 (D. Md. Apr. 18, 2017) (granting a Rule 12(b)(6) motion because the plaintiff had not plausibly alleged that the defendant created the dangerous condition that caused her injury or had actual or constructive notice of the condition). Calvary Chapel's duty to report abuse or neglect of a child under Section 5-705(a)(1) was not triggered where it lacked actual or constructive knowledge of the abuse. Thus, the Complaint does not plausibly state a claim for negligent failure to report or warn.

---

[5] The law in effect at the time the abuse allegedly occurred in 1971 similarly required "every health practitioner, education, health, mental health, or social worker or law enforcement officer who contacts, examines, attends, or treats a child and believes or has reason to believe that the child has sustained physical injury as a result of abuse . . . shall make a report." 1966 Md. Laws 466 (amended 1970); available at https://perma.cc/T8N6-AK3Q (last accessed Nov. 25, 2025); 1970 Md. Laws 1114, available at https://perma.cc/JA8U-4ZAA (last accessed Nov. 25, 2025).

## III.     CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss (ECF No. 14) is granted. O.M. will be granted leave to file an amended complaint within 30 days. A separate Order follows.

Date: November 25, 2025                                /s/
                                                                       Erin Aslan
                                                                       United States Magistrate Judge

9