**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| O.M., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-25-2618 |
| CALVARY CHAPEL INTERNATIONAL WORSHIP CENTER, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM OPINION**

Plaintiff O.M. initiated the above-captioned action on May 21, 2025, in the Circuit Court for Anne Arundel County, Maryland, in which she asserts negligence claims against Defendant Calvary Chapel International Worship Center (Calvary Chapel) pursuant to the Maryland Child Victims Act of 2023, Md. Code. Ann., Cts & Jud. Proc. § 5-117, based on alleged sexual abuse by a Calvary Chapel employee.  ECF No. 2.  On August 8, 2025, Calvary Chapel removed the case to this Court on the basis of diversity jurisdiction.  ECF No. 1.  Pending before the Court is Calvary Chapel's second motion to dismiss, or in the alternative, motion for summary judgment, which is fully briefed.  ECF Nos. 24, 27–28.  No hearing is necessary.  Local Rule 105.6 (D. Md. Dec. 1, 2025).  For the reasons set forth below, the motion is granted and O.M.'s Amended Complaint is dismissed with prejudice.

## I.    BACKGROUND[1]

O.M. is a sixty-three-year-old resident of Waco, Texas.  ECF No. 21 ¶ 14.  Calvary Chapel is a Maryland religious organization with a principal place of business in Hanover,

---

[1] This factual summary is drawn from the allegations in the Amended Complaint (ECF No. 21), which are accepted as true for the purposes of this motion.  *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

Maryland. *Id.* at ¶ 7.  As a child, O.M., "participated in one or more of [Calvary Chapel's] religious services, educational programs, scholastic activities[,] or related events." *Id.* at ¶ 10.  In or around 1971, when O.M. was about ten years old, "a personnel member" at Calvary Chapel sexually abused O.M. on four or five occasions while she was a Calvary Chapel attendee.[2]  *Id.* at ¶¶ 36–40.  This abuse spanned approximately 12 months and occurred inside the church and at the personnel member's home.  *Id.* at ¶¶ 37–39.  O.M. did not disclose the abuse at the time.  *Id.* at ¶ 43.  The personnel member was "known to" "engage in inappropriate behavior at the church with other church members," "regularly rub her body against the bodies of male church members," "aggressively pursue male church members to engage in sexual and romantic relationships," "make inappropriate, sexual remarks while on church property and in the presence of . . . minors," and "had a reputation among church members" of "stealing personal property" and "being manipulative and engaging in inappropriate and illegal behavior." *Id.* at ¶¶ 24–29.  These "concerning behaviors" of the personnel member "were known by the majority of church goers, including members of [Calvary Chapel's] staff." *Id*. at ¶ 30.  As a result of the abuse, O.M. "suffered severe emotional, psychological[,] and physical harm" and seeks $75,000 in damages, as well as litigation costs, and pre- and post-judgment interest.  *Id.* at ¶ 74, at 14.[3]

On August 27, 2025, Calvary Chapel moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that O.M. had failed to state a claim upon which relief could be granted.  ECF No. 14.  On November 25, 2025, the undersigned granted Calvary Chapel's motion and also granted O.M. leave to file an amended pleading within 30 days as to

---

[2]  In her Amended Complaint, O.M. identifies the alleged perpetrator by name and provides additional details regarding the nature of the sexual abuse.  ECF No. 21 ¶¶ 36, 39–42, 51, 53.  Elaboration of those details is unnecessary for resolution of the instant motion.

[3]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) printed at the top of the cited document.

Counts I (negligence), II (negligent hiring, training, education, supervision, and retention),

IV (premises liability), and V (negligent failure to report or warn).  ECF Nos. 19–20; *O.M.* v.

*Calvary Chapel Int'l Worship Ctr.*, Civil Action No. EA-25-2618, 2025 WL 3280293 (D. Md.

Nov. 25, 2025).  Count III (negligent failure to enact and enforce policies that would prevent

sexual abuse) was dismissed with prejudice.  ECF No. 20.  Plaintiff timely filed an Amended

Complaint.  ECF No. 21.

## II.    DISCUSSION

Calvary Chapel again moves for dismissal, or alternatively, for summary judgment.  ECF

No. 24.  With respect to its renewed motion to dismiss, Calvary Chapel argues that the Amended

Complaint "remains devoid of facts sufficient to support plausible negligence claims against

Calvary Chapel."[4]  ECF No. 24-1 at 4.

### A.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss

a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(b)(6).  The "purpose of a Rule 12(b)(6) motion is to test the sufficiency of a

complaint." *Edwards* v. *City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Rule 8(a)(2)

requires that a complaint contain "a short and plain statement of the claim showing that the

---

[4] In support of its alternative motion for summary judgment, Calvary Chapel advances a charitable immunity defense and proffers evidence that the alleged perpetrator O.M. identified in her pleadings was not a member or employee of Calvary Chapel.  ECF No. 24-1 at 5; *see also* ECF Nos. 24-2–24-4 (affidavits from individuals associated with Calvary Chapel).  The trial court "has complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." *Doe v. Anne Arundel Cnty.*, Civil Action No. JRR-23-3451, 2025 WL 675059, at *4 (D. Md. Mar. 3, 2025) (internal citations and quotations omitted).  The undersigned declines to convert the pending motion from a motion to dismiss to a motion for summary judgment.  *E.g.*, *Sammons* v. *McCarthy*, 606 F. Supp. 3d 165, 194 (D. Md. 2022) (declining to convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment).

pleader is entitled to relief."  This pleading standard is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  A complaint does not need "detailed factual allegations" to satisfy the Rule 8(a)(2) pleading standard, but it must have "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.*  Bald allegations alone will not suffice, nor will an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 681 (2009).

When evaluating a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and draw reasonable inferences from the facts in favor of the plaintiff to determine if the plaintiff is entitled to the relief sought.  *Id.* at 678; *E.I. du Pont de Nemours and Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).  The same does not hold true for legal conclusions.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-556.  Thus, "a plaintiff armed with nothing more than conclusions" has not satisfied the Rule 12(b)(6) standard.  *Iqbal*, 556 U.S. at 678-679.  Ultimately, a court determines if the pleading standard has been met "by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the complaint states a claim.  *A Society Without a Name* v. *Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (internal quotation marks and citations omitted).

To survive a motion to dismiss, a complaint must have "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The plausibility standard falls somewhere in between "probability," which is not required, and "sheer possibility," which is insufficient.  *Id.*; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to

4

raise a right to relief above the speculative level.").  The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

### B.       O.M.'s Amended Complaint[5]

O.M.'s Amended Complaint pleads four counts of negligence.  ECF No. 21.  The undersigned previously held that O.M. had failed to plausibly allege that Calvary Chapel had actual or constructive knowledge of the alleged perpetrator's sexual abuse or incompetence; of a dangerous condition at the premises Calvary Chapel owned, possessed, or controlled; or that Calvary Chapel had actual or constructive knowledge that O.M. had been subjected to abuse or neglect.  ECF No. 19 at 5–8; *O.M.*, 2025 WL 3280293, at *2-4.  O.M. has not remedied these deficiencies in her amended pleading.  The substance of her pleading on the foreseeability of the harm is limited to the allegation that Calvary Chapel "was placed on actual or constructive notice of this danger" based on the personnel member having "a reputation of being sexually and morally inappropriate."  ECF No. 21 ¶ 51.  O.M. alleges only that the personnel member was "known to aggressively pursue male Church members to engage in sexual and romantic relationships" and she made "inappropriate, sexual remarks . . . in the presence of other Church members, including minors."  *Id.* at ¶¶ 25–27.  O.M. further contends that her "personality shifted in ways that should have placed Defendants on notice that abuse was occurring" and that her attendance at church events "suddenly halted so she could avoid being alone" with the personnel member.  *Id*. at ¶ 52.  These allegations do not plausibly allege that Calvary Chapel had actual or constructive notice of child sex abuse by the personnel member.

---

[5]  Familiarity with the Court's prior Memorandum Opinion is presumed.  *O.M.* v. *Calvary Chapel Int'l Worship Ctr.*, Civil Action No. EA-25-2618, 2025 WL 3280293 (D. Md. Nov. 25, 2025).

In *Doe 1 v. World Wrestling Entertainment*, this Court examined whether an employer had knowledge that its employee was sexually abusing children such that World Wresting Entertainment "knew or should have known of its need, opportunity, and ability to control [the employee] at both [World Wrestling Entertainment] event venues and at the employer-provided hotel rooms." 811 F. Supp. 3d 706, 725 (D. Md. 2025). Key to this Court's conclusion that Plaintiffs had plausibly pleaded that World Wrestling Entertainment had the requisite knowledge was its finding that Plaintiffs had alleged that World Wrestling Entertainment had "very specific knowledge"—as distinguished from "general allegations"—of its employee abusing children surrounding World Wrestling Entertainment events, including a specific account in which a security guard witnessed the employee abusing a child and brought it to World Wrestling Entertainment's attention. *Id*. This is consistent with other decisions of this Court that have found that the foreseeability of sexual abuse was plausibly alleged where there was an allegation of abuse or specific warning of danger. *C.M.* v. *Adams & Assocs., Inc.*, Civil Action No. JMC-25-2684, 2025 WL 3484044, at \*6 (D. Md. Dec. 4, 2025) (concluding that "the allegation that youth residents and independent evaluators informed numerous staff of sexual abuse . . . supports an inference that certain staff members . . . perpetrated some kind of foreseeable sexual abuse based on the numerous specific complaints."); *J.D.* v. *Baltimore City Bd. of Sch. Commissioners*, Civil Action No. JMC-25-1125, 2025 WL 2653149, at \*8 (D. Md. Sept. 16, 2025) (finding that the statement from great-grandmother that the alleged perpetrator had "suffered previous sexual abuse" and "had serious behavioral issues that could potentially pose a threat to other students" was sufficient to plausibly allege the foreseeability of sexual abuse of another student).

Here, in contrast, O.M.'s assertions that the Calvary Chapel personnel member was "known to" or "had a reputation" for "inappropriate" behaviors with adult male church members that "were known by the majority of church goers, including members of Defendant's staff" are

insufficient to plausibly allege that Calvary Chapel knew or should have known about the risk of the personnel member's sexual abuse of a female child.  ECF No. 21 ¶¶ 24–30.  It is simply too far of an inferential leap to conclude that alleged actions towards an adult of the opposite sex such as "regularly rub[bing] her body against the bodies of male church members" or "aggressively pursu[ing] male church members" would have provided actual or constructive notice that this individual had the potential to sexually abuse a female child.  *Id.* at ¶¶ 25–26; *cf. Doe* v. *United States*, 381 F. Supp. 3d 573, 596 (M.D.N.C. 2019) (deciding that "allegations that [the alleged perpetrator] hugged students, targeted kids with disabilities, stared at girls' behinds, and spoke face-to-face with students . . . d[id] not plausibly suggest knowledge of a specific threat or contribute to a consideration of . . . future child abuse").  The same holds true for O.M.'s assertion that her change in disposition and participation in church activities should have alerted Calvary Chapel to the fact that someone was abusing her.  *Id.* (concluding that the alleged victim's "resistance to attending school," together with meetings with a social worker and principal, "d[id] not plausibly establish the foreseeability of [the] alleged abuse").  While the undersigned is sympathetic to the harm O.M. alleges and its potentially devasting effects, there are simply too many potential reasons for a ten-year-old child to experience a "shift" in "personality" or withdraw from participation in religious activities for such allegations to plausibly allege that Calvary Chapel knew or should have known about the alleged sexual abuse. ECF No. 21 ¶ 52.

O.M.'s conclusory statements in support of foreseeability (*e.g.*, ECF 21 ¶ 3 ("Defendant had actual and/or constructive knowledge of the abuse.")) suffer from precisely the same deficiencies as the allegations in the initial complaint and are similarly "not entitled to the presumption of truth."  *Pizarro Orta* v. *Creekstone Landscaping & Excavating, LLC*, Civil Action No. EA-23-1954, 2024 WL 3555093, at *5 (D. Md. July 25, 2024) (citing *Iqbal*, 556 U.S.

at 681); *see also O.M.*, 2025 WL 3280293, at \*2 (finding that the allegation that Calvary Chapel "knew or should have known" based on an unspecified "alert[ ]" from its staff is a conclusory statement not entitled to the presumption of truth).  While Rule 8(a)(2) does not require detailed factual allegations, conclusory allegations such as these do not survive a Rule 12(b)(6) challenge. *E.g.*, *Greene* v. *Mott*, Civil Action No. JRR-24-3310, 2025 WL 2208152, at \*4 (D. Md. Aug. 4, 2025) ("Plaintiff's conclusory allegations are insufficient to plead a claim of negligent entrustment."); *Great N. Ins. Co.* v. *Recall Total Info. Mgmt., Inc.*, Civil Action No. AW-13-1829, 2013 WL 6804745, at \*3 (D. Md. Dec. 19, 2013) (finding plaintiff failed to state a claim for gross negligence based on "conclusory factual assertions" which "warrant no weight").

## III.    CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss (ECF No. 24) is granted.  A separate Order follows.

Date: April 23, 2026                                   _____/s/_____
                                                       Erin Aslan
                                                       United States Magistrate Judge